[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10121
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-01362-CLS


JOSEPH E. KING,

Plaintiff-Appellant,

versus

ADTRAN, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 8, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Joseph King appeals from the district court's grant of summary judgment in favor of Adtran, Inc. ("Adtran") in his age discrimination and retaliation lawsuit filed pursuant to 29 U.S.C. § 621(a)(1) and (d), and Alabama Code §§ 25-1-21, 25-1-28. On appeal, King argues that the district court erred in granting summary judgment on his age discrimination claim by concluding that although he had adduced evidence that one of Adtran's proffered reasons for his termination was pretextual, he failed to demonstrate that Adtran's second stated reason was pretext for discrimination. King further argues that he should not be required to establish that each of Adtran's proffered reasons were pretext for discrimination because such a requirement is contrary to Supreme Court precedent. King also argues that the district court erred by granting summary judgment to Adtran on his retaliation claim. We affirm.

## I.

We review a district court's order granting summary judgment de novo. Brooks v. Cnty. Comm'n, 446 F.3d 1160, 1161-62 (11th Cir. 2006). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law, viewing all of the facts in the record in the light most favorable to the non-moving party. Id.; see also Fed.R.Civ.P. 56(a). A genuine factual dispute exists if a jury could return a

2

verdict for the non-moving party.  Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004).

Under the Age Discrimination in Employment Act ("ADEA"), it is unlawful for an employer to discharge or otherwise discriminate against an employee who is at least 40 years old on the basis of his age. 29 U.S.C. §§ 623(a)(1), 631(a).  A plaintiff may support his ADEA claim through either direct or circumstantial evidence.  Mazzeo v. Color Resolutions Int'l, LLC, 746 F.3d 1264, 1270 (11th Cir. 2014).

Where the plaintiff supports his claim with circumstantial evidence, we apply the McDonnell Douglas burden-shifting framework.  Id.  Under that framework, the plaintiff bears the initial burden of establishing a *prima facie* case of discrimination.  *Id.*  If he does so, the burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged employment action.  Id.  If the employer satisfies this burden, the burden shifts back to the plaintiff to demonstrate that the proffered reason is merely a pretext for unlawful discrimination.  Id.

To ultimately prevail on an age discrimination claim, the plaintiff must prove by a preponderance of the evidence that his age was the "but for" cause of his termination.  Id.  (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177-78, 129 S. Ct. 2343, 2351 (2009)).  We have held that the McDonnell Douglas

3

framework continues to apply post-*Gross*.  Sims v. MVM Inc., 704 F.3d 1327, 1332 (11th Cir. 2013).

In a traditional age discrimination case, the plaintiff may establish a prima facie case under the ADEA by showing that: (1) he was a member of the protected age group, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) he was replaced by a younger individual.  Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (*en banc*).

To establish pretext, the plaintiff may demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence."  Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted).  "However, a reason cannot be proved to be a 'pretext for discrimination' unless it is shown both that the reason was false, and that discrimination was the real reason."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993).  Accordingly, it is not enough to "disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination."  Id. at 519, 113 S. Ct. at 2754.  The mere fact that an employer's proffered reason was mistaken alone does not establish pretext.  Wilson, 376 F.3d at 1092.  Rather, the plaintiff must demonstrate that the challenged employment action was in fact motivated by discriminatory animus.  Id.

4

"If the employer proffers more than one legitimate, nondiscriminatory reason, the plaintiff must rebut each of the reasons to survive a motion for summary judgment." Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007) (citing Chapman, 229 F.3d at 1037).

The Supreme Court stated in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149-50, 120 S. Ct. 2097, 2108-09 (2000), that "a prima facie case and sufficient evidence to reject the employer's [non-discriminatory] explanation [for an adverse employment action] may permit a finding of liability," and, therefore, a plaintiff need not always be required to introduce additional, independent evidence of discrimination. "[O]nce the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision." Id. at 147-48, 120 S. Ct. at 2108-09.

In Desert Palace, Inc. v. Costa, 539 U.S. 90, 98-99, 123 S. Ct. 2148, 2153-54 (2003), the Supreme Court held that direct evidence of discrimination is not required in order to prove employment discrimination in mixed-motive cases under Title VII. The Supreme Court noted that the conventional rule of civil litigation generally applied in Title VII cases, so that a plaintiff could prove his case by a preponderance of the evidence using direct or circumstantial evidence. Id. at 99.

King has provided no evidence to rebut Adtran's primary legitimate, nondiscriminatory reason – i.e., that King's handling of the Huntsville City Schools account was the reason for his termination. King's own "belief" that seeing older employees being let go and replaced by younger employees is mere conjecture and is insufficient to establish discriminatory animus or prove the falsity of Adtran's justification. King further failed to provide evidence that he followed company policy in handling the Huntsville City Schools account.

King's argument that our holding in Chapman is contrary to the Supreme Court's holdings in Reeves and Desert Palace is likewise without merit. In Chapman, we discussed Reeves, but still held that a plaintiff was required to produce sufficient evidence to rebut each of an employer's proffered legitimate, nondiscriminatory reasons. 229 F.3d at 1037.[1] Chapman is binding precedent in our circuit, and Desert Palace did not abrogate our holding in Chapman, as it did

---

[1]    The district court here noted that Adtran had articulated two primary reasons for terminating King: (1) his failure to meet the requirements of his pending Performance Improvement Plan ("PIP"), and (2) his inadequate handling of the Huntsville City Schools account. The district court assumed that King had offered substantial evidence that the former was unworthy of belief. Our own review of the evidence leaves us with considerable doubt that King indeed has adduced sufficient evidence to create a genuine issue of fact in that regard. Although the final data to confirm that King had failed to meet the requirements of his PIP was not available when the termination decision was made, Koch – King's supervisor who had imposed the PIP and was monitoring King's performance – testified that King had not met the requirements and was not likely to be successful in doing so in the very short time remaining. In any event, even assuming arguendo that the evidence suggests some weakness with respect to this legitimate reason of Adtran, the evidence certainly does not undermine Adtran's legitimate reason relating to the Huntsville Schools account. Rather, the evidence relating to King's PIP supports Adtran's legitimate concerns with respect to King's performance.

6

not address the issue of whether a plaintiff must rebut each nondiscriminatory reason proffered by a defendant.

## II.

The ADEA prohibits retaliation against private-sector employees who complain of age discrimination. *See* 29 U.S.C. § 623(d). The McDonnell Douglas framework applies to ADEA retaliation claims. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 919 (11th Cir. 1993). A plaintiff alleging retaliation establishes a prima facie case by showing that (1) he engaged in a statutorily protected expression, (2) he suffered an adverse employment action, and (3) there was a causal link between the protected expression and the adverse action. *Id.*

If a plaintiff establishes a prima facie case and the employer articulates a legitimate, non-retaliatory reason for the materially adverse action, the plaintiff must then show that the employer's proffered reasons for taking the adverse action were actually a pretext for prohibited retaliatory conduct. Sullivan v. Nat'l R.R. Passenger Corp*.,* 170 F.3d 1056, 1059 (11th Cir. 1999). The plaintiff bears the burden of "introducing evidence that could form the basis for a finding of facts, which when taken in the light most favorable to the non-moving party, could allow a jury to find by a preponderance of the evidence that the plaintiff has established pretext, and that the action was taken in retaliation for engaging in the protected activity." Hairston*,* 9 F.3d at 921.

7

The district court did not err in granting summary judgment to Adtran on King's retaliation claim. As discussed previously, Adtran articulated two legitimate, non-discriminatory reasons for King's termination. King has not pointed to any evidence that would demonstrate that Adtran's second reason for terminating him was a pretext for retaliation. See Hairston, 9 F.3d at 921.

AFFIRMED.